UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HATTIE BANKS | Case Number |
| Plaintiff | |
| | CIVIL COMPLAINT |
| vs. | |
| NCO FINANCIAL SYSTEMS, INC. AND AMERICAN EXPRESS COMPANY | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Hattie Banks, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP complaining of Defendant and respectfully avers as follows:

## I.   INTRODUCTORY STATEMENT

1.  Plaintiff, Hattie Banks (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2.  Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant has a principal place of business located in this District.

### III.  PARTIES

4. Plaintiff, Hattie Banks, is an adult natural person residing at 413 Folkstone Road, Colymbia, South Carolina 29223.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc. ("NCO") at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of South Carolina and the Commonwealth of Pennsylvania and has a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant, American Express Company ("AmEx") at all times relevant hereto, is and was a global financial services company engaged in the business of providing credit card services within the State of Florida and the State of New York and has a principal place of business located in the World Financial Center at 200 Vesey Street, New York, NY 10285.

7. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

8. Plaintiff retained a law firm to assist her in resolving personal financial issues.

9. On or around September 10, 2010, Plaintiff, along with the aid of Plaintiff's attorney, entered into a settlement agreement with Defendant, NCO to pay the alleged debt owed to Defendant, AmEx.

10. On or around September 10, 2010, Plaintiff received a letter from Defendant, NCO stating that pursuant to the agreement made between Plaintiff and Defendant, NCO, Plaintiff can settle the alleged account for $6,840.00.  **See Exhibit "A" attached hereto.**

11. Defendant, NCO's aforementioned letter stated that the alleged account was to be paid by one payment of $2,256.00 due by September 24, 2010 followed by eight payments of $573.00 due by the 24th of each month consecutively until May 24, 2011 when the balance would be satisfied.

12. Defendant, NCO's letter also stated that upon clearance of said funds, Defendant, AmEx would be notified that the alleged account settled and paid in full.

13. Plaintiff followed the settlement plan and made timely payments through Plaintiff's attorney.

14. Defendant, NCO accepted all of Plaintiff's monthly payments until the final payment in May, 2011.

15. In June 2011, Defendant, NCO returned Plaintiff's final payment of $573.00.

16. On or around June 23, 2011, Plaintiff's attorney contacted Defendant NCO's agent, "Edward", and was notified the account was send back to Defendant, AmEx, due to non-payment.

17. Plaintiff's attorney informed Defendant NCO's agent, "Edward", all payments were made on time and cashed with exception to the final payment which was returned.

18. Defendant NCO's agent, "Edward", stated Defendant, AmEx, recalled the account.

19. Plaintiff's attorney contacted Defendant AmEx's agent, "Lisha", who stated she would only speak with the Plaintiff.

20. Plaintiff's attorney sent Defendant, AmEx a Power of Attorney and a letter from the Plaintiff stating the Plaintiff's attorney was handling the account.

21. Defendant, AmEx still refused to work with Plaintiff's attorney.

22. On or around June 13, 2011, Defendant, AmEx sent Plaintiff a letter attempting to collect the alleged debt. **See Exhibit "B" attached hereto.**

23. In June 2011, Plaintiff received multiple phone calls to her home and cell phone from Defendant, AmEx.

24. Plaintiff told Defendant, AmEx her attorney was handling the case and to stop calling.

25. The account should not have been recalled and sent back to Defendant, AmEx since both the Defendant, NCO and Plaintiff's attorney agreed on settlement terms and Plaintiff complied to said terms.

26. Plaintiff never missed a payment due to Defendant, NCO nor had Plaintiff ever been late in making a payment to Defendant, NCO.

27. Defendant, NCO and Defendant, AmEx, are in breach of the contract that they had in place with the Plaintiff allowing Plaintiff to settle for less than the full balance.

28. Defendant, NCO and Defendant, AmEx's breach is at no fault of the Plaintiff.

29. The Defendant, NCO knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

30. At all times pertinent hereto, the conduct of both Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA
### Plaintiff v. NCO Financial Systems, Inc.

31. The above paragraphs are hereby incorporated herein by reference.

32. At all times relevant hereto, Defendant, NCO was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

33. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692c(a)(2): After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive
>
> § 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692e:         Any other false, deceptive, or misleading representation or means in connection with the debt collection

§ 1692e(10):     Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:         Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against NCO Financial Systems, Inc. for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of the South Carolina Fair Debt Collection Practices Act
### Section 37 et.seq. Unconscionability; Inducement by Unconscionable Conduct
### Plaintiff v. NCO Financial Systems, Inc. and
### American Express Company

34. Plaintiff hereby adopts, re-allege and incorporate by reference all allegations set forth above as fully rewritten here.

35. In its attempt to collect the aforementioned alleged debt, Defendant violated the above act in one or more of the following ways:

(a) Communicating with the consumer or a member of his family at frequent intervals during a twenty-four hour period or at unusual hours or under other circumstances so that it is a reasonable inference that the primary purpose of the communication was to harass the consumer. The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium.
A creditor or debt collector may not:

(b) communicate with a consumer at any unusual time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, it may be assumed that a convenient time to communicate with a consumer is between 8 a.m. and 9 p.m.; or

(c) communicate with a consumer who is represented by an attorney when such fact is known to the creditor or debt collector unless the attorney consents to direct communication or fails to respond within ten days to a communication;

(d) Using fraudulent, deceptive, or misleading representations in connection with the collection of a consumer credit transaction. Such false representations shall include:

(e) the character, amount, or legal status of any debt;

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, NCO Financial Systems and American Express Company, for the following:

  a. Actual damages;

  b. Statutory damages pursuant to SCFDCPA §37-5-108

  c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  d. Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT III- BREACH OF CONTRACT
### Plaintiff v. NCO Financial Systems, Inc. and American Express Company

36. The above paragraphs are hereby incorporated herein by reference.

37. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants agreed to debt for a lesser amount.

38. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

39. Plaintiff fulfilled his contractual obligation by making timely payments.

40. Defendants NCO and AmEx have failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, NCO Financial Systems and American Express Company for the following:

  a. Actual damages;

  b. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  c. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                        **Respectfully submitted,**

                                        **WARREN & VULLINGS, LLP**

**Date:  August 17, 2011**            **BY:** */s/Bruce K. Warren BKW4066*
                                              Bruce K. Warren, Esquire

                                        **BY:** */s/Brent F. Vullings BFV8435*
                                              Brent F. Vullings, Esquire

                                              Warren & Vullings, LLP
                                              93 Old York Road
                                              Suite 333
                                              Jenkintown, PA  19046
                                              215-745-9800   Fax 215-745-7880
                                              Attorneys for Plaintiff